UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHRYN M. JOLLEY,

        Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 10-cv-5709-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 4; Consent to Proceed Before a United States Magistrate Judge, ECF No. 10). This matter has been fully briefed. (See ECF Nos. 15, 21, 22).

After considering and reviewing the record, the Court finds that the ALJ failed to evaluate properly plaintiff's credibility and testimony. The ALJ also failed to evaluate properly the lay opinion evidence. Finally, the ALJ's determination of plaintiff's residual functional capacity is not supported by substantial evidence in the record as a whole. For these reasons, and

based on the relevant record, this matter is reversed and remanded to the administration pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, KATHRYN M. JOLLEY, was thirty-six years old on her alleged disability onset date of January 15, 2003 (Tr. 65). According to the lay opinion evidence and the testimony of plaintiff, plaintiff was very active and high energy, including starting her own business and being civically active, until her gradual decline in functioning in or around 1999, or at least by her disability onset of January 15, 2003 (Tr. 36-37, 125, 245-52, 255-56, 259, 262-64). At that time, according to plaintiff, she began experiencing fatigue, a large amount of weight loss caused by vomiting, "mental fog" and sores in her mouth (Tr. 36, 37). Plaintiff testified that she was no longer able to run her business without hiring additional employees and "would sit behind in a chair, and my mother or a staff member would run the store" (Tr. 39-41). She was at work for approximately five hours a day and was able to lift 50 pounds "rarely" (Tr. 42). The record suggests that her doctors took many years and many tests before coming to a diagnosis for plaintiff of systemic lupus erythematosus, in part, because the ulcerations caused by lupus usually were "not painful [and] usually not this profound" (see Tr. 586).

## PROCEDURAL HISTORY

On September 17, 2008, plaintiff filed an application for Social Security disability benefits ("SSDI"), 42 U.S.C. § 423 (Title II) and Supplemental Security Income benefits ("SSI"), 42 U.S.C. § 1382(a) (Title XVI), alleging disability onset of January 15, 2003 (Tr. 125-34). Her Title XVI application for SSI was allowed, based on a finding that plaintiff was disabled as of September 14, 2007 (Tr. 10, 66, 188-89). Because plaintiff's date last insured was December 31, 2003, she must have been disabled before December 31, 2003 in order to be entitled to a period

of disability and Title II SSDI benefits (Tr. 10, 189). For this reason, her application for SSDI Title II benefits was denied initially and following reconsideration (Tr. 10, 65, 67, 188-89). The denial of plaintiff's application for Title II SSDI benefits forms the subject of the request for review here.

Plaintiff's requested hearing on the denial of her Title II SSDI benefits was held on January 28, 2010 before Administrative Law Judge Helen Francine Strong ("the ALJ") (Tr. 24-64). On March 15, 2010, the ALJ issued a written decision in which she found that plaintiff suffered from the severe impairments of systemic lupus erythematosus, osteoarthritis and osteoporosis (Tr. 12, 7-17). However, the ALJ found that plaintiff "was not under a disability, as defined in the Social Security Act, at anytime from January 15, 2003, the alleged onset date, through December 31, 2003, the date last insured" (Tr. 17).

On August 24, 2010, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3). See 20 C.F.R. § 404.981. On September 30, 2010, plaintiff attached her complaint seeking review of the ALJ's written decision to her motion to proceed *in forma pauperis* (see ECF Nos. 1, 3). In her opening brief, plaintiff claims that the ALJ improperly evaluated: (1) plaintiff's credibility; (2) the lay testimony; and, (3) plaintiff's residual functional capacity ("RFC") (ECF No. 15, pp. 5-6). Plaintiff also questions whether or not the ALJ erred by failing to include non-exertional limitations in the hypothetical question asked of the vocational expert (id. at p. 5).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the

"inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

However, "regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for h[is] decision and [the courts] confine our review to the reasons supplied by the

ALJ." Steele v. Barnhart, 290 F.3d 936, 941(7th Cir. 2002) (*citing* SEC v. Chenery Corp., 318 U.S. 80, 93-95 (1943) (other citations omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted); Griemsmann v. Astrue, 147 Soc. Sec. Rep. Service 286, 2009 U.S. Dist. LEXIS 124952 at *9, (W.D. Wash. 2009). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)).

## DISCUSSION

1. <u>The ALJ failed to evaluate properly plaintiff's credibility</u>.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971); see also Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair*, 885 F.2d at 603.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting* Morgan v. Comm'r of Soc. Sec. Admin.,

169 F.3d 595, 599 (9th Cir. 1999)); Reddick, 157 F.3d at 722 (citations omitted); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." Smolen, 80 F.3d at 1284.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen, 80 F.3d at 1281 (*citing* Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing* Cotton, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, supra, 80 F.3d at 1283-84; Reddick, 157 F.3d at 722 (*citing* Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding activities of daily living, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007 (*quoting* Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit

1 specified "the two grounds for using daily activities to form the basis of an adverse credibility

2 determination:" (1) whether or not they contradict the claimant's other testimony and (2) whether

3 or not the activities of daily living meet "the threshold for transferable work skills." Orn, 495

4 F.3d at 639 (*citing* Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). As stated by the Ninth

5 Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their

6 transferability to conclude that a claimant's daily activities warrant an adverse credibility

7 determination." Orn, 495 F.3d at 639 (*quoting* Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.

8 2005)).

9       The ALJ here did not conclude that plaintiff was malingering, but found that plaintiff's

10 "medically determinable impairments could reasonably be expected to have caused some of the

11 alleged symptoms; however, the claimant's statements concerning the intensity, persistence and

12 limiting effects of these symptoms are not credible to the extent they are inconsistent with the

13 above residual functional capacity assessment through the date last insured" (Tr. 14). Although

14 the ALJ found that plaintiff's medically determinable impairments could have caused only some

15 of plaintiff's alleged symptoms, the ALJ fails to identify any symptoms alleged by plaintiff that

16 was not expected to have been caused by her medically determinable impairments. This was

17 error.

18       The Court observes that the ALJ referenced a medical opinion from August 5, 2002 that

19 plaintiff was not demonstrating very many manifestations of Lupus; however, the ALJ failed to

20 assess the fact that the doctor opined as such, in part, because the ulcerations caused by lupus

21 usually were not as painful nor as profound as what plaintiff was experiencing (see Tr. 586).

22       In discrediting plaintiff's testimony, the ALJ relied on the fact that plaintiff "worked for

23 about 15 to 20 hours weekly in 2003" (Tr. 14-15). The ALJ noted plaintiff's testimony that she

24

primarily sat for about 5 hours on a day that she worked, and that she signed checks and did some paperwork (Tr. 15). The ALJ found that plaintiff's limited "work activity strongly indicates that she was capable of performing a limited range of sedentary work through the date last insured" (id.).

Although the ALJ found plaintiff capable of performing a "limited" range of sedentary work, the ALJ did not specify what limited the range of sedentary work that plaintiff was capable of performing. This was error as the ALJ "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" Greger, supra, 464 F.3d at 972 (*quoting* Morgan, supra, 169 F.3d at 599). Plaintiff did not allege that she was not capable of sedentary work during the relevant period if such work was limited to sitting on a chair for approximately 5 hours at a time, for a maximum of 20 hours a week. Therefore, it is unclear why the ALJ relied on this factor in order to discount plaintiff's credibility.

Without further explanation, the Court is not able to conclude that this factor provides any support for the ALJ's adverse credibility determination. For example, if the ALJ characterized the sedentary work that plaintiff was capable of as "limited" because she could only do it for five hours at a time and for about 15-20 hours a week, as the ALJ referenced in this paragraph, then, according to the testimony by the medical expert at the hearing, plaintiff would not have been able to work "on a eight-hour day, five days a week" basis (Tr. 58). According to the vocational expert, this limitation also would have precluded plaintiff's ability to "perform the past relevant work or any work" on a "regular and consistent basis" (Tr. 63). Because the ALJ is required to evaluate a claimant's "ability to work on a sustained basis," this factor does not appear to provide any support for the ALJ's adverse credibility determination. See 20 C.F.R. §

404.1512(a); see also 20 C.F.R. § 404.1545(b) (the ALJ should determine a claimant's "residual functional capacity for work activity on a regular and continuing basis").

None of the reasons discussed above provide any support for the ALJ's adverse credibility determination. The ALJ only relied on one additional reason to discount plaintiff's credibility. She concluded that the objective medical evidence did not support a finding that plaintiff's functional limitations were as severe as plaintiff alleged that she was suffering (Tr. 14). However, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell, supra, 947 F.2d at 343, 346-47; Cotton, supra, 799 F.2d at 1407.

For these reasons and based on a review of the relevant record, the Court concludes that the ALJ failed to provide clear and convincing reasons to discount plaintiff's credibility. See Smolen, supra, 80 F.3d at 1283-84; Reddick, 157 F.3d at 722.

2. The ALJ did not evaluate properly the lay opinions.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," see 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," see 20 C.F.R. § 404.1513 (d)(4). See also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)). An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." Turner, supra, 613 F.3d at 1224 (*citing* Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because "[i]n determining

whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)).

Recently, the Ninth Circuit characterized lay witness testimony as "competent evidence," again concluding that in order for such evidence to be disregarded, "the ALJ must provide 'reasons that are germane to each witness.'" Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (*quoting* Van Nguyen, supra, 100 F.3d at 1467). In this recent Ninth Circuit case, the court noted that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." Bruce, 557 F.3d at 1116 (*citing* Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996)).

The ALJ grouped together all of the lay evidence offered by four different individuals and gave a single reason to disregard all of them (Tr. 15). The ALJ provided a one-line conclusion: "As to lay opinion, the claimant's father and friends of the claimant provided statements indicating that the claimant has been unable to work, noting significant weight loss, pain symptoms, and diminished strength (citations). While these accounts may reflect their respective observations to some extent, the scant medical evidence through the date last insured does not support finding a more restrictive residual functional capacity than for a limited range of sedentary work." Id.

This analysis, or lack thereof, is improper and demonstrates that the ALJ did not give a reason pertinent to each individual. According to the Ninth Circuit, "the ALJ must provide 'reasons that are germane to each witness.'" Bruce, supra, 557 F.3d at 1115 (*quoting* Van Nguyen, supra, 100 F.3d at 1467). Not only did the ALJ here not give a germane reason for each lay witness, but also, the reason given by the ALJ to discredit all of the lay opinions was improper. According to the Ninth Circuit, an ALJ may not discredit "lay testimony as not

supported by medical evidence in the record." Bruce, 557 F.3d at 1116; Smolen, supra, 80 F.3d at 1289. Therefore, for the stated reasons and based on the relevant record, the Court concludes that the ALJ committed legal error in her evaluation of the lay opinions. See Bruce, supra, 557 F.3d at 1115; Smolen, supra, 80 F.3d at 1289.

In addition, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, supra, 454 F.3d at 1056 (reviewing cases). Even the ALJ suggested that the lay opinions indicated "that the claimant has been unable to work," and further indicated that plaintiff suffered from weight loss, pain symptoms and diminished strength (Tr. 15). Therefore, the Court cannot conclude with confidence that no reasonable ALJ, when fully credited all of the lay opinion evidence, could have reached a different disability determination. See Stout, supra, 454 F.3d at 1056. As a consequence, the ALJ's legal error in her evaluation of the lay evidence cannot be considered harmless error. See Stout, supra, 454 F.3d at 1056.

3. <u>The ALJ erred in failing to consider explicitly plaintiff's alleged fatigue.</u>

The ALJ failed to consider explicitly plaintiff's alleged fatigue. However, the vocational expert suggested that this symptom combined with plaintiff's alleged inability to work eight hours a day, five days a week, would have precluded plaintiff's ability to "perform the past relevant work or any work" on a "regular and consistent basis" (see Tr. 63). Therefore, the ALJ's failure to give any reason to discredit plaintiff's allegation of fatigue was relevant to the ultimate disability conclusion and was not harmless error. See Stout, supra, 454 F.3d at 1054-55 (legal

1 | errors committed by the ALJ in the context of social security appeals may be considered

2 | harmless where the error is irrelevant to the ultimate disability conclusion).

3 |    4. <u>The ALJ did not determine properly plaintiff's residual functional capacity.</u>

4 |   If an ALJ cannot determine whether or not a claimant is disabled based on a claimant's

5 | current work activity or on medical factors alone and a claimant has a severe impairment, a

6 | review is made of the claimant's residual functional capacity. <u>See</u> Social Security Ruling "SSR"

7 | 96-8p, 1996 SSR LEXIS 5 at *3-*4. A determination regarding "residual functional capacity 'is

8 | an assessment of an individual's ability to do sustained work-related physical and mental

9 | activities in a work setting on a regular and continuing basis.'" <u>Brown v. Astrue</u>, 405 Fed. Appx.

10 | 230; 2010 U.S. App. LEXIS 26760 (9th Cir. 2010) (*per curiam*) (unpublished opinion) (*quoting*

11 | <u>id.</u>) (*citing* 20 C.F.R. § 416.945; <u>Reddick</u>, <u>supra</u>, 157 F.3d at 724). Residual functional capacity

12 | is "the maximum degree to which the individual retains the capacity for sustained performance

13 | of the physical-mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

14 |   In evaluating whether or not a claimant satisfies the disability criteria, the Commissioner

15 | must evaluate the claimant's "ability to work on a sustained basis." <u>See</u> 20 C.F.R. § 404.1512(a).

16 | The regulations further specify: "When we assess your physical abilities, we first assess the

17 | nature and extent of your physical limitations and then determine your residual functional

18 | capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

19 |   The ALJ failed to consider properly the lay opinions as well as plaintiff's testimony and

20 | credibility. These legal errors likely resulted in an erroneous residual functional capacity

21 | determination. In addition, the ALJ also did not appear to take into consideration plaintiff's

22 | fatigue when making the determination regarding plaintiff's residual functional capacity, yet the

23 | ALJ did not provide any proper reasons to discount plaintiff's allegations regarding the level of

24 |

fatigue she suffered. Furthermore, the ALJ did not provide any reason to discredit plaintiff's testimony that she worked only 5 hours in a day during the relevant period of time, and only worked, at a maximum, 20 hours a week, even though the ALJ is required to determine a claimant's residual functional capacity for work activity on a regular and continuing basis. See 20 C.F.R. § 404.1545(b).

For these reasons and based on the relevant record, the Court concludes that the ALJ's residual functional capacity determination was not supported by substantial evidence in the record as a whole. Likewise, due to the ALJ's erroneous consideration of the lay opinions and plaintiff's credibility and fatigue as well as plaintiff's residual functional capacity, the hypothetical presented to the vocational expert by the ALJ here was not complete. Therefore, this matter should be remanded to the administration for further consideration.

5. <u>This matter should not be remanded with a direction for an award of benefits</u>.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

<u>Harman</u>, 211 F.3d at 1178 (*quoting* <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved. <u>See</u> <u>Smolen</u>, 80 F.3d at 1292. The medical evidence is not conclusive and the degree to which plaintiff's alleged non-exertional impairments such as fatigue affected her ability to function in a work setting on a regular and continuing basis was not considered properly and depend, in part, on plaintiff's credibility and the lay opinion evidence.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick, 157 F.3d at 722; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample, 694 F.2d at 642; Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971); Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980).

Therefore, remand is appropriate to allow the administration the opportunity to consider properly all of the lay opinion evidence and plaintiff's testimony as a whole and to incorporate it into the consideration of plaintiff's credibility and residual functional capacity. See Sample, 694 F.2d at 642.

## CONCLUSION

The ALJ failed to consider properly the lay opinions, plaintiff's testimony and credibility and plaintiff's alleged fatigue. Therefore, this matter must be remanded so that the administration can reconsider plaintiff's residual functional capacity when properly crediting plaintiff's testimony, when properly reviewing the lay evidence and with proper consideration of all of plaintiff's non-exertional impairments, including fatigue.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** to the administration for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** is for plaintiff and the case should be closed.

Dated this 30th day of August, 2011.

J. Richard Creatura
United States Magistrate Judge